FILED IN CLERK'S OFFICE
U S D C - Atlanta

MAR 2 8 2005

LUTHER D THOMAS, Clerk
By
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATANTA DIVISION

VONDA LEE MORTON )
)
    Plaintiff, )
)
    v. )    CIVIL ACTION FILE NO.
)
BOARD OF REGENTS OF THE )
)    1 05 37
UNIVERSITY SYSTEM OF GEORGIA, )
)    JURY TRIAL DEMANDED
    Defendant. )

TWT

## COMPLAINT-CIVIL RIGHTS

COMES NOW, Plaintiff Vonda Morton, by and through counsel, and hereby files her Complaint, showing as follows:

## INTRODUCTION

1.

Plaintiff seeks monetary damages from the Defendant including lost pay, benefits and mental and emotional suffering, as well as a declaratory judgment that Defendant discriminated against her on account of gender and retaliated against her for engaging in protected conduct   Plaintiff seeks this relief, including reinstatement in a comparable position, under Title VII of the Civil Rights Acts of 1964, as amended in 1972 and 1991, 42 U.S.C.§ 2000e *et seq.*; and 42 U.S.C. § 1981A ("Title VII").

- 1 -

2.

Plaintiff also seeks an award of costs and attorney's fees for prosecuting this action as provided by Title VII.

## JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§ 2201 and 2202 and Title VII

4.

Venue is proper in this case as provided by Title VII. The unlawful acts complained of herein were committed within the state of Georgia. The Defendant herein is located and may be properly served in the Atlanta Division of the Northern District of Georgia.

## PARTIES

5.

Plaintiff Vonda Morton has been employed as a Coordinator of Academic Support for the Dublin campus by the Defendant since May 7, 2001. She is a resident of Laurens County, Georgia, and submits herself to the jurisdiction of this Court.

6.

The Defendant is a body corporate organized and existing under the Constitution and laws of the State of Georgia which has the capacity to be sued. The Regents may be served with this Complaint by personal service on Chancellor Thomas C. Merideth at 244 Washington Street, S.W., Atlanta, Georgia 30334-1450.

7.

At all times relevant to this action, the Defendant was an employer within the meaning of Title VII.

## NATURE OF THE ACTION

8.

This is an action for equitable and monetary relief brought under Title VII and for a declaratory judgment as to Plaintiff's rights and for a permanent injunction enjoining Defendant from maintaining a policy and practice of discriminating against Plaintiff and other employees similarly situated on account of gender. This action also seeks monetary damages, including mental and emotional suffering, as well as restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her but for Defendant's unlawful practices, and for attorney's fees and costs for having to pursue this

action. Plaintiff also seeks a declaratory judgment that Defendant discriminated against her on account of gender and retaliated against her for engaging in protected conduct and injunctive relief ordering Plaintiff's reinstatement to her former or a comparable position.

## ADMINISTRATIVE PROCEEDINGS

9.

Plaintiff timely filed charges of gender discrimination and retaliation against the Defendant with the Atlanta District Office of the Equal Employment Opportunity Commission (EEOC) against the Defendant. On December 28, 2004, the EEOC issued Plaintiff a Notice of Right to Sue.   This action is brought within ninety (90) days of Plaintiff's receipt of said Notice.

## STATEMENT OF FACTS

10.

Defendant hired Plaintiff, who had several years of prior college teaching experience and a Master's degree at a salary of $26,000 on or about May 7, 2001.

11.

In February 2002, a new Coordinator of Continuing Education, Mr. Phillip Lee was hired for that same campus.  Lee was hired with only a B.S. and no prior college work experience with only a B.S. and no prior college work experience at a salary of $27,500.

12.

Plaintiff and Mr. Lee followed the same path of promotion from coordinators at the Dublin campus only to interim directors of their respective positions and finally to permanent directors.

13.

During this time, Mr. Lee received $12,000 in raises, while Plaintiff received only $2,500.

14.

Shortly before Plaintiff's position was made permanent, she made the Defendant aware that she knew of the salary discrepancies that already existed between her and Mr. Lee.

15.

Plaintiff did subsequently receive an "equity raise" of $2,000 in her FY05 contract (issued in late June/early July 2004), after Plaintiff filed a claim of gender-based wage discrimination with the EEOC.

16.

On September 28, 2004, Plaintiff was informed that due to budgetary constraints her position had been eliminated, and that when her contract ended on June 30, 2005, she would not be offered a new one.

17.

The illegal acts complained of herein, including inequitable pay and retaliation, were taken by Dr. Richard Federinko acting on behalf of the Defendant intentionally, willfully, and in reckless disregard for the Plaintiff's federally protected rights.

18.

The reasons given by Dr. Federinko on behalf of the Defendant to justify Plaintiff's compensation as well as the elimination of her position were pretexts for

discrimination based on her gender and in retaliation for her having filed charges of salary discrimination with the EEOC.

19.

After Plaintiff was given her dismissal papers, Plaintiff's supervisor told her that before that morning, Plaintiff was due to be transferred to the Dublin campus as a full-time history instructor. This idea was originated by the VPAA, but the decision was vetoed by the president with no reason given.

20.

The undersigned certifies that, pursuant to ND GA. LR 5.1B and 7.1D, that the instant pleading was prepared in the following font: Times New Roman 14 Point.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully prays that this Court:

a.     Issue a declaratory judgment that the Defendant's acts, policies, and procedures violated Plaintiff's rights as secured under Title VII; and

b.     Grant to Plaintiff judgment for damages against the Defendant in an amount to be determined by a fair and impartial jury to constitute just

compensation for the economic damages and mental and emotional distress caused by Defendant's discriminatory and retaliatory acts; and

c.      Or the Defendant to reinstate Plaintiff to her former position or a comparable position with appropriate pay and benefits; and

d.      Award to Plaintiff the costs in this action and reasonable attorney's fees as provided by Title VII; and

e.      Grant to Plaintiff the right to have a trial by jury on all issues so triable; and

f.      Grant such additional relief as the Court deems proper and just.

Respectfully submitted,

Joseph C. Nelson, III
Georgia Bar No. 538150
PO Box 109
Athens, Georgia 30603
(706) 549-5598
(706) 549-5598

- 8 -